# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KRAMER AMERICA, INC.,**

               **Plaintiff,**

**-vs-**                                         **Case No.  6:11-cv-1489-Orl-31GJK**

**MACNEIL IP, LLC and MACNEIL
AUTOMOTIVE PRODUCTS LIMITED,**

               **Defendants.**

_____

# ORDER

      This cause comes before the Court on a motion to dismiss (Doc. 26) filed by Defendant MacNeil IP, LLC and MacNeil Automotive Products Limited (collectively, "MacNeil"); the response (Doc. 27) filed by Plaintiff Kramer America, Inc. ("Kramer"); Defendants filed a reply (Doc. 30) and Plaintiffs filed a surreply (Doc. 33).

## I. Background

      This case involves the alleged infringement of several patents related to vehicle floor mats. MacNeil manufactures and markets various automotive accessories including floor liners, trays, and cargo liners, and owns several patents related to these products. Kramer is a Florida corporation that also sells automotive floor mats. One of its products, known as the "MaxFloorMat," is apparently similar to mats sold and patented by MacNeil. On August 29, 2011, MacNeil sent a "cease and desist" letter (the "Letter") to Kramer which states, *inter alia*,

               We . . . are writing to you concerning the [MaxFloorMat] vehicle floor mat that
               you manufacture, sell, offer to sell and import. MacNeil owns multiple patents directed

> to vehicle floor trays, including U.S. Patent Nos. 7,401,837; 7,316,847; 7,686,370; 7,607,713; 7,444,748; 7,686,371; and 7,784,848. . . .
>
> It has come to our attention that your use, manufacture, sale, offers to sell and importing of the MaxFloorMat mats infringes at least one of the MacNeil IP LLC patents. See U.S. Patent No. 7,401,837 attached hereto. Upon investigation it may become evident that the MaxFloorMat mats infringe other MacNeil patents. . . .
>
> MacNeil hereby demands that you cease all infringing activity immediately. . . . If you do not render this accounting and cease infringing the patent, my client will pursue all available remedies to the fullest extent allowed by law. . . .

(Doc. 1-1 at 28-29).

On September 9, 2011, Kramer filed the instant action seeking declaratory judgment that it did not infringe on U.S. Patent No. 7,401,837 (the " '837 Patent")–the only MacNeil patent attached to the Letter. (See Doc. 1, ¶ 5). Upon learning of this suit, MacNeil filed a separate lawsuit in the Northern District of Illinois on September 12, 2011. That lawsuit accused Kramer of, *inter alia,* infringement of three patents: (1) the '837 Patent; (2) U.S. Patent No. 7,686,370 (the " '370 Patent"); and (3) U.S. Patent No. 6,735,819 (the " '819 Patent") and of trade dress infringement and unfair competition.

On September 19, 2011 MacNeil served Kramer with a covenant which provided that MacNeil would remove all allegations relating to the '837 Patent in the Illinois suit and not otherwise file suit against Kramer based on the '837 Patent. (See Doc. 6). Shortly after receiving this covenant not to sue, Kramer filed an Amended Complaint in the instant case, (Doc. 7), which removes all allegations relating to the '837 Patent, but adds claims for declaratory judgment related to the '370 Patent and the '819 Patent–the two other patents in the Illinois suit–and declaratory judgment related to MacNeil's claims of trade dress infringement and unfair competition.

MacNeil filed the instant motion on December 22, 2011, seeking to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction over the claims in the Amended Complaint.

## II. Standard

Motions to dismiss pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, come in two forms. " 'Facial attacks' on the complaint require the court to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (quotations and citations omitted). MacNeil moves to dismiss the Complaint based on a "facial attack" to subject matter jurisdiction. Accordingly, the Court will take all the allegations in the Complaint as true. *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008).

## III. Analysis

The sole issue under consideration is whether the Court has subject matter jurisdiction over the '370 Patent, the '819 Patent, and the trade dress infringement and unfair competition claims. In *MedImmune, Inc. v. Genentech, Inc.*, the Supreme Court explained that a case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). *MedImmune* rejected the then existing Federal Circuit standard insofar as it included a requirement of a "reasonable apprehension of imminent suit." *ABB Inc. v. Cooper Industries, LLC*, 635 F.3d 1345 (Fed. Cir. 2011) (citing *MedImmune,* 549 U.S. at 132 n. 11); *see also SanDisk Corp.*

*v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378–80 (Fed. Cir. 2007) (recognizing *MedImmune's* rejection of the reasonable apprehension test).[1]

On the other hand,

[a]lthough *MedImmune* clarified that an injury-in-fact sufficient to create an actual controversy can exist even when there is no apprehension of suit, it did not change the bedrock rule that a case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants-an objective standard that cannot be met by a purely subjective or speculative fear of future harm. Thus, as we explained post- *MedImmune*, "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee."

*Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) (quoting *SanDisk*, 480 F.3d at 1380-81). Thus, "a communication from a patent owner . . . merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interest . . . ." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009). However, "conduct that can be reasonably inferred as demonstrating intent to enforce a patent can create declaratory judgment jurisdiction." *Hewlett-Packard*, 587 F.3d at 1363. "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

---

[1] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1368 (Fed. Cir. 2007) (citations omitted).

### A. The '370 Patent

MacNeil states in the Letter that it "owns multiple patents directed to vehicle floor trays . . . ," including both the '370 and the '837 Patents. MacNeil then states, "it has come to our attention that your use . . . of the MAXFLOORMAT mats infringes at least one of the MacNeil IP LLC patents. *See* U.S. Patent No. 7,401,837 attached hereto." The Letter goes on to note that "upon investigation" Kramer may be infringing on other patents; and that the MAXFLOORMAT violates "at least one United States Statute." MacNeil concludes by demanding that "all infringing activity" cease, that an accounting of "all sales of the MAXFLOORMAT" be provided; and finally, that failure to do so will result in MacNeil pursuing "all available remedies to the fullest extent allowed by law–MacNeil actively enforces its patent rights against copyists. *See* Compliant in Case No. 10 CV 4088 (N.D. Ill.)." (Doc. 1-1).

MacNeil would have the Court focus solely on the sentence in which the '370 Patent was mentioned. Reading that sentence outside the context of the Letter, it would appear that MacNeil is merely "identifying its patent and the other party's product line." *Hewlett-Packard*, 587 F.3d at 1362. The Letter read as a whole, however, demonstrates MacNeil's intent to enforce its patent rights against the infringing MAXFLOORMAT. It demanded an accounting of "all sales" of the mat, that "all infringing activity" cease, and cited a case as an example of its intent to enforce its rights. Moreover, the '370 Patent is listed among the patents that MacNeil owns that are "directed to vehicle floor trays." Although it is not attached to the Letter, and MacNeil makes no direct accusation of infringement regarding the '370 Patent, such things are not dispositive post-*MedImmune*.[2] Taken together, this is

---

[2] It is worth noting that the Letter uses the '837 Patent only as an example of a patent on which the MAXFLOORMAT infringes, and notes that "upon investigation" Kramer may be infringing on

sufficient to establish subject matter jurisdiction over the '370 Patent. *See ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1348 (Fed. Cir. 2011).

### B. The '819 Patent, Trade Dress and Unfair Competition

These claims are materially different because nowhere in the Letter does MacNeil mention the '819 Patent or any trade dress and unfair competition claims. Kramer contends that the Letter is sufficient to establish jurisdiction over all claims related to vehicle floor mats.[3] However, a fair reading of the cease and desist letter does not evidence the requisite intent to enforce the '819 Patent. The '819 Patent relates to an affixation device used to attach vehicle mats to vehicle floors, whereas the Letter is directed solely to "vehicle floor mats" and the MAXFLOORMAT in particular; nowhere does MacNeil demonstrate intent to enforce all patents *related to* vehicle floor mats. Similarly, there is no mention in the Letter of any claims for trade dress or unfair competition. A controversy over these claims did not arise until MacNeil initiated a separate suit.

Kramer contends that since the Court has jurisdiction over the '837 Patent, it has jurisdiction over all of MacNeil's infringement claims. This is a misstatement of the law. The Court only has jurisdiction where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,*

---

others. MacNeil argues that this is evidence that there could not be a sufficient controversy as to the '370 Patent because it had not yet determined whether it had been infringed. However, "it is irrelevant whether [the patent owner] had conducted an adequate investigation or whether it subjectively believed [the possible infringer] was infringing. The test [for declaratory judgment jurisdiction in patent cases], however stated, is objective . . . ." *Hewlett-Packard*, 587 F.3d at 1363 (citation and quotation omitted).

[3] Kramer also contends in its Response that MacNeil made additional threats at a trade show. However, no such specific allegations were made in the Amended Complaint.

549 U.S. at 127. The Letter does not create a substantial controversy as to all infringement claims that MacNeil might possibly bring in the future.

Accordingly, it is **ORDERED** that Defendant's Motion (Doc. 26) is **GRANTED in part and DENIED in part**. Defendant's Motion is **DENIED** to the extent that Defendant moves to dismiss declaratory judgment claims related to the validity and infringement of U.S. Patent No. 7,686,370, but **GRANTED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 3, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE