UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>ORLANDO DIVISION

**KRAMER AMERICA, INC.,**

        **Plaintiff,**

**-vs-**                                                            **Case No.  6:11-cv-1489-Orl-31GJK**

**MACNEIL IP, LLC and MACNEIL<br>AUTOMOTIVE PRODUCTS LIMITED,**

        **Defendants.**

_____

# ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 41) filed by Defendants MacNeil IP, LLC and MacNeil Automotive Products Limited (collectively "MacNeil"); and a response (Doc. 44) filed by Plaintiff, Kramer America, Inc. ("Kramer").

## I. Background

This case involves the alleged infringement of several patents related to vehicle floor mats. MacNeil manufactures and markets various automotive accessories including floor liners, trays, and cargo liners, and owns several patents related to these products. Kramer is a Florida corporation that also sells automotive floor mats. One of its products, known as the "MaxFloorMat," is apparently similar to mats sold and patented by MacNeil. On August 29, 2011, MacNeil sent a "cease and desist" letter (the "Letter") to Kramer which states, *inter alia*,

> We ... are writing to you concerning the [MaxFloorMat] vehicle floor mat that you manufacture, sell, offer to sell and import. MacNeil owns multiple patents directed to vehicle floor trays, including U.S. Patent Nos. 7,401,837; 7,316,847; 7,686,370; 7,607,713; 7,444,748; 7,686,371; and 7,784,848....
>
> It has come to our attention that your use, manufacture, sale, offers to sell and importing of the MaxFloorMat mats infringes at least one of the MacNeil IP LLC patents. See U.S. Patent No. 7,401,837 attached hereto. Upon investigation it may become evident that the MaxFloorMat mats infringe other MacNeil patents....
>
> MacNeil hereby demands that you cease all infringing activity immediately.... If you do not render this accounting and cease infringing the patent, my client will pursue all available remedies to the fullest extent allowed by law....

(Doc. 1–1 at 28–29).

On September 9, 2011, Kramer filed the instant action seeking declaratory judgment that it did not infringe on U.S. Patent No. 7,401,837 (the " '837 Patent")--the only MacNeil patent attached to the Letter. (See Doc. 1, ¶ 5). Upon learning of this suit, MacNeil filed a separate lawsuit in the Northern District of Illinois on September 12, 2011. That lawsuit accused Kramer of, inter alia, infringement of three patents: (1) the '837 Patent; (2) U.S. Patent No. 7,686,370 (the " '370 Patent"); and (3) U.S. Patent No. 6,735,819 (the " '819 Patent") and of trade dress infringement and unfair competition.

On September 19, 2011 MacNeil served Kramer with a covenant which provided that MacNeil would remove all allegations relating to the '837 Patent in the Illinois suit and not otherwise file suit against Kramer based on the '837 Patent. (See Doc. 6). Shortly after receiving this covenant not to sue, Kramer filed an Amended Complaint in the instant case, (Doc. 7), which removes all allegations relating to the '837 Patent, but adds claims for declaratory judgment related to the '370 Patent and the

'819 Patent-the two other patents in the Illinois suit-and declaratory judgment related to MacNeil's claims of trade dress infringement and unfair competition.

Dismayed at this turn of events, MacNeil filed a motion to strike the amended complaint which was denied (Doc. 25). It then filed a motion to dismiss the complaint for lack of jurisdiction, which was denied as to the '370 Patent, but granted in all other respects. (Doc. 34). MacNeil now moves to dismiss the sole remaining claim on several basis including *forum non conveniens*, and the Court's discretion under the Declaratory Judgment Act; or in the alternative to transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, this case will be stayed for 90 days pending resolution of Kramer's motion to dismiss for lack of personal jurisdiction in the Illinois suit.

## II. Standard

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). It is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). In enacting the Declaratory Judgment Act,

> Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should

> adjudicate claims within their jurisdiction yields to considerations of practicality and
> wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995).

Federal Circuit law controls the question whether to decline jurisdiction over a declaratory action regarding patent rights in light of a later-filed action for patent infringement. *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005). Although a court has discretion to dismiss a later-filed action, that discretion is not plenary for "[t]here must be well-founded reasons for declining to entertain a declaratory judgment action." *Id.* Generally, the first-filed suit has priority, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) "Exceptions ... are not rare," but "[t]here must ... be sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* at 937-38. While a court may consider whether a party intended to preempt another's infringement suit, it is merely one factor in the analysis. *Coyle*, 394 F.3d at 1347. Other factors include the convenience and availability of witnesses, and the possibility of consolidation with related cases. *Id.* (citing *Genentech*, 998 F.2d at 938).

**III. Analysis**

While the Court is inclined to grant MacNeil's Motion and dismiss the instant case, it is not clear whether Kramer is actually subject to personal jurisdiction in Illinois–a motion to dismiss for lack of personal jurisdiction is currently pending before that court. *MacNeil Automotive Products Limited d/b/a Weathertech v. Kramer America, Inc., et al.*, No. 1:11-cv-06337 (N.D. Ill.). That is important in this case for two reasons, first, judicial efficiency is not served if this suit is dismissed, only to return several months from now. Second, in dismissing a case such as this, a court must

consider "the possibility of consolidation with related cases." *Coyle*, 394 F.3d at 1347. Since this factor may prove dispositive to the instant analysis, the Court will stay this case pending the outcome of the jurisdictional issue in the Northern District of Illinois. Accordingly, it is

**ORDERED** that this case is **STAYED** for 90 days from the date of this Order. The parties shall notify the Court immediately upon resolution of the jurisdictional issue in the Northern District of Illinois case, *MacNeil Automotive Products Limited d/b/a Weathertech v. Kramer America, Inc., et al.*, No. 1:11-cv-06337 (N.D. Ill.).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 30, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

————————————————
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE